# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>DEFENDANT DENISE LASHAWN REED *et al.*,<br><br>    Defendant. | Case No.: 12-CR-878 YGR<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

Defendant Denise LaShawn Reed mailed the Court a request which the Court constues as a motion for early termination of supervised release.

Having carefully considered the papers submitted, and for the reasons set forth below, the Court hereby **DENIES** the Motion to Terminate Supervision Early.

By way of legal framework, Title 18, United States Code, § 3583(e)(1), gives the Court authority to terminate a term of supervised release early. It provides, in part:

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –

> 1. terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Among the factors set forth in the specified sections of 18 U.S.C. § 3553(a) are: the nature and circumstances of the offense, providing adequate deterrence to further criminal conduct, and reducing sentencing disparities. 18 U.S.C. § 3553(a)(1), (2)(B), (6).[1] Defendant bears the burden to

demonstrate that his situation merits early termination of supervised release. *United States v. Weber,* 451 F.3d 552, 559 n. 9 (9th Cir. 2006). An offender must demonstrate changed circumstances or exceptionally good behavior, and early termination is not warranted as a matter of course. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

Further, according to the Guide to Judiciary Policy, (Office of Probation and Pretrial Services, Administrative Office of the Unites States Courts – The Supervision of Federal Offenders), once an offender is statutorily eligible, the general criteria for assessing whether the offender should be recommended to the court as an appropriate candidate for early termination are as follows: (1) Stable community reintegration (e.g., residence, family, and employment); (2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision; (3) No aggravated role in the offense of conviction, particularly large drug or fraud offenses; (4) No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence); (5) No recent arrests or convictions (including unresolved pending charges) or ongoing, uninterrupted patterns of criminal conduct; (6) No recent evidence of alcohol or drug abuse; (7) No recent psychiatric episodes; (8) No identifiable risk to the safety of any identifiable victim; and (9) No identifiable risk to public safety based on the Risk Prediction Index.

Here, Ms. Reed is performing well on supervised release. However, we are still monitoring her arrangements with the Internal Revenue Service as she is gainfully self-employed and is in the process of addressing some issues with respect to tax returns for 2010-2012. The Court finds that given the circumstances, continued supervision is appropriate.

Accordingly, the Motion is **DENIED**.

Date: April 20, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**